UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10607 GAO

THE HENRI STERN WATCH AGENCY,
INC., d/b/a PATEK PHILIPPE

Plaintiff,

v.

DEPRISCO, A M INC. d/b/a DEPRISCO
JEWELERS,

Defendant.

Civil Action
No.
MAGISTRATE JUDGE Cohen

RECEIPT # 54883
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. V.O.M
DATE

**COMPLAINT**

**Introduction**

1.      This is an action for trademark infringement, trademark dilution, false designation of origin, palming off and unfair competition under federal and state law arising out of the defendant's use of the "Patek Philippe" mark in connection with marketing watches.

**Parties**

2.      Plaintiff The Henri Stern Watch Agency, Inc. ("Henry Stern") is the exclusive importer and distributor of products made by Patek Philippe S A in the United States.

3.      Defendant Deprisco, A M Inc., d/b/a DePrisco Jewelers ("DePrisco") is a Massachusetts corporation with its principal place of business in Wellesley, Massachusetts.

## Jurisdiction

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademarks).  The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Facts

### The Patek Philippe Mark

5.      Patek Philippe S A is a Swiss company that designs, develops and markets timepieces, watches and clocks.  Patek Philippe S A's most prominent brand is its "Patek Philippe" watches, which are sold internationally.  Henry Stern, founded in 1937, is the exclusive importer and distributor of Patek Philippe S A's products in the United States.

6.      Founded in 1839, Patek Philippe S A has been a leader and innovator in the Swiss watch-making industry for over 150 years.  The company led the development of timepieces in the late 19th century, and pioneered the use of quartz technology in the 1950s.  The company prides itself on adhering to the requirements of the Geneva Seal, the most demanding standard for watch-making in the world.  Over time, Patek Philippe S A has become renowned as a manufacturer of timepieces, watches and clocks, whose customers have included many famous figures throughout history, including Albert Einstein, Marie Curie, Charlotte Brontë and Peter Ilyich Tchaikovsky.

7.      Henry Stern registered the PATEK PHILIPPE mark in the United States on January 24, 1950 (Reg. No. 520,291).  The mark was mostly recently renewed on January 24, 2000.

8.      Henry Stern and Patek Philippe (jointly "Patek Philippe") have used the PATEK PHILIPPE mark to identify their fine watch products in the United States since

1937. The PATEK PHILIPPE mark has been displayed on the faces of the watches and timepieces themselves, as well as in advertising and promotional materials.

9.       Patek Philippe timepieces are sold under the PATEK PHILIPPE mark by authorized jewelers.

10.      The PATEK PHILIPPE marks and the timepieces offered under the PATEK PHILIPPE marks have been heavily advertised and promoted in the United States. Only authorized jewelers are allowed to advertise or promote Patek Philippe's products by using its name or logo.

11.      The PATEK PHILIPPE mark has come to be known by actual and potential consumers as a mark associated exclusively with Patek Philippe products, and as symbolizing quality timepieces and watches designed and manufactured by Patek Philippe S A. The PATEK PHILIPPE mark is a strong mark, has acquired secondary meaning and is a world-famous and valuable business asset.

### DePrisco Jewelers

12.      DePrisco is the owner and operator of the DePrisco Jewelers of Wellesley store (the "store"). The store is located at 178 Linden Plaza in Wellesley, MA.

13.      DePrisco operates as a jeweler.

14.      Prior to 1999, DePrisco was for a period of years an authorized dealer of Patek Philippe products. However, Henry Stern terminated the relationship in 1999.

15.      Awnings over at least two of the windows at the DePrisco store, on either side of the main entrance, state "Patek Philippe" and feature the Patek Philippe logo. *See Exhibit 1.*

### DePrisco's Knowing and Willful
### Misappropriation of Patek Philippe's Marks

16.    On or about September 16, 2003 New York counsel for Plaintiff sent Albert DePrisco of DePrisco Jewelers a letter stating that DePrisco was improperly using awnings on the store bearing the name and logo of Patek Philippe and demanding that such use cease. *See Exhibit 2.*

17.    On or about November 14, 2003, New York counsel for Plaintiff sent Mr. DePrisco another letter demanding that the Patek Philippe name and logo be removed. *See Exhibit 3.*

18.    On February 25, 2004, Massachusetts counsel for Plaintiff again sent a cease and desist letter to DePrisco. *See Exhibit 4.*

19.    Despite these repeated demands to cease and desist, the awnings bearing the Patek Philippe name and logo remain at the DePrisco store.

### Count I
(Trademark Infringement Under the Lanham Act)

20. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 19 herein.

21. Henry Stern owns all rights in the PATEK PHILIPPE mark and the registration of that mark is valid and subsists in full force and effect.

22. DePrisco, through the use of the PATEK PHILIPPE mark on its awnings, has used and intends to continue using the mark in commerce in connection with the marketing and sale of its products in a manner likely to cause confusion, mistake or to deceive.

23. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

- 4 -

24. DePrisco has acted willfully and with knowledge that its use of the PATEK PHILIPPE mark is intended to cause confusion, mistake, or to deceive.

25. DePrisco's actions constitute trademark infringement in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1114(1).

26. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

27. Plaintiff has no adequate remedy at law.

### Count II
### (Unfair Competition and False Designation
### of Origin under § 43(a) of the Lanham Act)

28. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 27 herein.

29. DePrisco, through the use of the PATEK PHILIPPE mark, has used and intends to continue to use the PATEK PHILIPPE mark in connection with the marketing and sale of its products in a manner that is likely to cause confusion, mistake or to deceive.

30. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

31. DePrisco has acted willfully and with knowledge its use of the PATEK PHILIPPE mark is intended to cause confusion, mistake or to deceive.

32. DePrisco's actions constitute unfair competition and false designation of origin in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a).

33. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

34. Plaintiff has no adequate remedy at law.

- 5 -

## Count III
### (Trademark Dilution Under § 43(c) of the Lanham Act)

35. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 34 herein.

36. The PATEK PHILIPPE mark is a famous mark within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. DePrisco's use of the PATEK PHILIPPE mark dilutes and will continue to dilute the PATEK PHILIPPE mark.

38. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

39. DePrisco has acted willfully and intentionally and with the intent to trade on Plaintiffs reputation and cause dilution of the PATEK PHILIPPE mark.

40. DePrisco's actions constitute trademark dilution in violation of Plaintiff's rights under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

42. Plaintiff has no adequate remedy at law.

## Count IV
### (Trademark Dilution Under M.G.L. c. 110B, § 12)

43. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 42 herein.

44. The PATEK PHILIPPE mark is distinctive.

45. DePrisco's use of the PATEK PHILIPPE mark dilutes and will continue to dilute the PATEK PHILIPPE mark because, among other reasons, DePrisco has misappropriated the PATEK PHILIPPE mark. DePrisco is using the PATEK PHILIPPE mark to falsely imply that it is an authorized dealer of Patek Philippe products.

46. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

47. DePrisco's actions constitute trademark dilution in violation of Plaintiff's rights under M.G.L. c. 110B, § 12 because DePrisco's use and planned continued use of the PATEK PHILIPPE mark dilutes the distinctiveness of the PATEK PHILIPPE mark.

48. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

49. Plaintiff has no adequate remedy at law.

### Count V
### (Common Law Trademark Infringement
### and Unfair Competition)

50. Plaintiff re-alleges the allegation set forth in paragraphs 1 through 49 herein.

51. DePrisco's actions constitute trademark infringement, unfair competition and "palming off" under the common law of the Commonwealth of Massachusetts, in that these acts cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of DePrisco's goods through the use and planned continued use of imitations of the PATEK PHILIPPE mark in the sale, distribution and promotion of DePrisco's products.

52. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

53. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and good will.

54. Plaintiff has no adequate remedy at law.

- 7 -

## Relief Requested

WHEREFORE, Plaintiff demands judgment be entered in its favor, and that the following relief be granted:

A.    That defendant DePrisco and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined from using the Patek Philippe mark or any other terms, marks, or logos confusingly similar to or dilutive of the PATEK PHILIPPE mark.

B.    Declare that DePrisco's use of the Patek Philippe name, and any other colorable imitations of the PATEK PHILIPPE mark, in connection with its business and the distribution, marketing and sale of DePrisco's products constitutes trademark infringement, false designation of origin, dilution, unfair competition, palming off, false advertising and unfair and deceptive acts and practices.

C.    That DePrisco be required to deliver up to Plaintiff for destruction any and all materials of any kind, including but not limited to awnings, advertisements, brochures, signs, labels, prints, business cards, letter head, invoices, inventory and any and all other materials of any kind in the possession or under the control of DePrisco that bear or contain the Patek Philippe name, or any other terms, marks, or logos confusingly similar to or dilutive of the PATEK PHILIPPE mark.

D.    That DePrisco be required to account for and relinquish to Plaintiff all gains, profits and advantages derived by defendant through its infringement and dilution of the PATEK PHILIPPE mark.

E.    That DePrisco be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of DePrisco's actions.

F.     That DePrisco be required to pay reasonable costs and attorneys' fees incurred by Plaintiff in the prosecution of this action.

G.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues triable to a jury.

THE HENRI STERN WATCH
AGENCY, INC., d/b/a PATEK
PHILIPPE
By its attorneys,

Laurie S. Gill (BBO #192060)
Brenda M. Ulrich (BBO #651424)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

March 29, 2004

- 9 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) The Henri Stern Watch Agency, Inc.,
   d/b/a Patek Philippe v. Deprisco, A M Inc., d/b/a Deprisco Jewelers

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL

   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___        I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X         II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
   ___              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___       III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

   ___       IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

   ___        V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                              YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                              YES          (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                              YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                        (YES)             (NO)

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                              YES          NO

        A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

              (EASTERN DIVISION)            CENTRAL DIVISION            WESTERN DIVISION

        B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
              GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

              EASTERN DIVISION              CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Laurie S. Gill

ADDRESS  Palmer & Dodge, LLP, 111 Huntington Ave., Boston, MA  02199-7613

TELEPHONE NO.  617-239-0100


(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

The Henri Stern Watch Agency, Inc.,
d/b/a Patek Philippe

**DEFENDANTS**

Deprisco, A M Inc., d
d/b/a Deprisco Jewelers

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Laurie S. Gill
Brenda Marshall Ulrich
Palmer & Dodge LLP, 111 Huntington Avenue
Boston, MA  02199-7613

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

Transferred from
☐ 5 another district
    (specify)

☐ 6 Multidistrict
    Litigation

Appeal to District
Judge from
☐ 7 Magistrate
    Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendant's have violated the trademark of Plaintiffs through use of Patek Philippe's name
and mark through unauthorized use of Plaintiff's trademark in violation of
15 U.S.C. Section 1114, 1125.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE

March 29, 2004

SIGNATURE OF ATTORNEY OF RECORD

*Brenda M. Ulrich*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____