UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HENRI STERN WATCH AGENCY, INC.<br><br>                   Plaintiff,<br><br>   v.<br><br>DEPRISCO, A M INC. d/b/a DEPRISCO JEWELERS,<br><br>                   Defendant. | Civil Action<br>No. 04-10607-GAO |

**AMENDED COMPLAINT**

**Introduction**

1.    This is an action for trademark infringement, trademark dilution, false designation of origin, palming off and unfair competition under federal and state law arising out of the defendant's use of the "Patek Philippe" mark in connection with marketing watches.

**Parties**

2.    Plaintiff The Henri Stern Watch Agency, Inc. ("Henry Stern") is the exclusive importer and distributor of products made by Patek Philippe S A in the United States.

3.    Defendant Deprisco, A M Inc., d/b/a DePrisco Jewelers ("DePrisco") is a Massachusetts corporation with its principal place of business in Wellesley, Massachusetts.

## Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademarks). The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Facts

### The Patek Philippe Mark

5. Patek Philippe S A is a Swiss company that designs, develops and markets timepieces, watches and clocks. Patek Philippe S A's most prominent brand is its "Patek Philippe" watches, which are sold internationally. Henry Stern, founded in 1937, is the exclusive importer and distributor of Patek Philippe S A's products in the United States.

6. Founded in 1839, Patek Philippe S A has been a leader and innovator in the Swiss watch-making industry for over 150 years. The company led the development of timepieces in the late 19th century, and pioneered the use of quartz technology in the 1950s. The company prides itself on adhering to the requirements of the Geneva Seal, the most demanding standard for watch-making in the world. Over time, Patek Philippe S A has become renowned as a manufacturer of timepieces, watches and clocks, whose customers have included many famous figures throughout history, including Albert Einstein, Marie Curie, Charlotte Brontë and Peter Ilyich Tchaikovsky.

7. Henry Stern registered the PATEK PHILIPPE mark in the United States on January 24, 1950 (Reg. No. 520,291). The mark was mostly recently renewed on January 24, 2000.

8. Henry Stern has used the PATEK PHILIPPE mark to identify Patek Philippe fine watch products in the United States since 1937. The PATEK PHILIPPE

mark has been displayed on the faces of the watches and timepieces themselves, as well as in advertising and promotional materials.

9. Patek Philippe timepieces are sold under the PATEK PHILIPPE mark by authorized jewelers.

10. The PATEK PHILIPPE marks and the timepieces offered under the PATEK PHILIPPE marks have been heavily advertised and promoted in the United States. Only authorized jewelers are allowed to advertise or promote Patek Philippe's products by using its name or logo.

11. The PATEK PHILIPPE mark has come to be known by actual and potential consumers as a mark associated exclusively with Patek Philippe products, and as symbolizing quality timepieces and watches designed and manufactured by Patek Philippe S A. The PATEK PHILIPPE mark is a strong mark, has acquired secondary meaning and is a world-famous and valuable business asset.

### DePrisco Jewelers

12. DePrisco is the owner and operator of the DePrisco Jewelers of Wellesley store (the "store"). The store is located at 178 Linden Plaza in Wellesley, MA.

13. DePrisco operates as a jeweler.

14. Prior to 1999, DePrisco was for a period of years an authorized dealer of Patek Philippe products. However, Henry Stern terminated the relationship in 1999.

15. Awnings over at least two of the windows at the DePrisco store, on either side of the main entrance, state "Patek Philippe" and feature the Patek Philippe logo. *See Exhibit 1.*

**DePrisco's Knowing and Willful
Misappropriation of Patek Philippe's Marks**

16. On or about September 16, 2003 New York counsel for Plaintiff sent Albert DePrisco of DePrisco Jewelers a letter stating that DePrisco was improperly using awnings on the store bearing the name and logo of Patek Philippe and demanding that such use cease. *See Exhibit 2*.

17. On or about November 14, 2003, New York counsel for Plaintiff sent Mr. DePrisco another letter demanding that the Patek Philippe name and logo be removed. *See Exhibit 3*.

18. On February 25, 2004, Massachusetts counsel for Plaintiff again sent a cease and desist letter to DePrisco. *See Exhibit 4.*

19. Despite these repeated demands to cease and desist, the awnings bearing the Patek Philippe name and logo remain at the DePrisco store.

**Count I**
(Trademark Infringement Under the Lanham Act)

20. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 19 herein.

21. Henry Stern owns all rights in the PATEK PHILIPPE mark and the registration of that mark is valid and subsists in full force and effect.

22. DePrisco, through the use of the PATEK PHILIPPE mark on its awnings, has used and intends to continue using the mark in commerce in connection with the marketing and sale of its products in a manner likely to cause confusion, mistake or to deceive.

23. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

24. DePrisco has acted willfully and with knowledge that its use of the PATEK PHILIPPE mark is intended to cause confusion, mistake, or to deceive.

25. DePrisco's actions constitute trademark infringement in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1114(1).

26. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

27. Plaintiff has no adequate remedy at law.

## Count II
### (Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act)

28. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 27 herein.

29. DePrisco, through the use of the PATEK PHILIPPE mark, has used and intends to continue to use the PATEK PHILIPPE mark in connection with the marketing and sale of its products in a manner that is likely to cause confusion, mistake or to deceive.

30. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

31. DePrisco has acted willfully and with knowledge its use of the PATEK PHILIPPE mark is intended to cause confusion, mistake or to deceive.

32. DePrisco's actions constitute unfair competition and false designation of origin in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a).

33. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

34. Plaintiff has no adequate remedy at law.

## Count III
### (Trademark Dilution Under § 43(c) of the Lanham Act)

35. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 34 herein.

36. The PATEK PHILIPPE mark is a famous mark within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. DePrisco's use of the PATEK PHILIPPE mark dilutes and will continue to dilute the PATEK PHILIPPE mark.

38. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

39. DePrisco has acted willfully and intentionally and with the intent to trade on Plaintiffs reputation and cause dilution of the PATEK PHILIPPE mark.

40. DePrisco's actions constitute trademark dilution in violation of Plaintiff's rights under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

42. Plaintiff has no adequate remedy at law.

## Count IV
### (Trademark Dilution Under M.G.L. c. 110B, § 12)

43. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 42 herein.

44. The PATEK PHILIPPE mark is distinctive.

45. DePrisco's use of the PATEK PHILIPPE mark dilutes and will continue to dilute the PATEK PHILIPPE mark because, among other reasons, DePrisco has misappropriated the PATEK PHILIPPE mark.  DePrisco is using the PATEK PHILIPPE mark to falsely imply that it is an authorized dealer of Patek Philippe products.

46. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

47. DePrisco's actions constitute trademark dilution in violation of Plaintiff's rights under M.G.L. c. 110B, § 12 because DePrisco's use and planned continued use of the PATEK PHILIPPE mark dilutes the distinctiveness of the PATEK PHILIPPE mark.

48. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.

49. Plaintiff has no adequate remedy at law.

### Count V
### (Common Law Trademark Infringement and Unfair Competition)

50. Plaintiff re-alleges the allegation set forth in paragraphs 1 through 49 herein.

51. DePrisco's actions constitute trademark infringement, unfair competition and "palming off" under the common law of the Commonwealth of Massachusetts, in that these acts cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of DePrisco's goods through the use and planned continued use of imitations of the PATEK PHILIPPE mark in the sale, distribution and promotion of DePrisco's products.

52. DePrisco's use of the PATEK PHILIPPE mark causes immediate, irreparable harm to Plaintiff.

53. As a result of DePrisco's conduct, Plaintiff has suffered and will continue to suffer injury and damage to its business, reputation and good will.

54. Plaintiff has no adequate remedy at law.

**Relief Requested**

WHEREFORE, Plaintiff demands judgment be entered in its favor, and that the following relief be granted:

A.	That defendant DePrisco and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined from using the Patek Philippe mark or any other terms, marks, or logos confusingly similar to or dilutive of the PATEK PHILIPPE mark.

B.	Declare that DePrisco's use of the Patek Philippe name, and any other colorable imitations of the PATEK PHILIPPE mark, in connection with its business and the distribution, marketing and sale of DePrisco's products constitutes trademark infringement, false designation of origin, dilution, unfair competition, palming off, false advertising and unfair and deceptive acts and practices.

C.	That DePrisco be required to deliver up to Plaintiff for destruction any and all materials of any kind, including but not limited to awnings, advertisements, brochures, signs, labels, prints, business cards, letter head, invoices, inventory and any and all other materials of any kind in the possession or under the control of DePrisco that bear or contain the Patek Philippe name, or any other terms, marks, or logos confusingly similar to or dilutive of the PATEK PHILIPPE mark.

D.	That DePrisco be required to account for and relinquish to Plaintiff all gains, profits and advantages derived by defendant through its infringement and dilution of the PATEK PHILIPPE mark.

E.	That DePrisco be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of DePrisco's actions.

    F.    That DePrisco be required to pay reasonable costs and attorneys' fees incurred by Plaintiff in the prosecution of this action.

    G.    That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

### Jury Demand

Plaintiff demands a trial by jury on all issues triable to a jury.

THE HENRI STERN WATCH AGENCY, INC., d/b/a PATEK PHILIPPE
By its attorneys,

s/ Brenda M. Ulrich
Laurie S. Gill (BBO #192060)
Brenda M. Ulrich (BBO #651424)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

April 8, 2004